IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELLEY G. BELK, III, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:11-cv-415-MEF |
| | )                                 (WO) |
| THOMAS L. THOMPSON and | ) |
| LINDA THOMPSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kelley G. Belk, III ("Plaintiff"), a resident of Mississippi, brings this negligence case against Alabama residents Thomas and Linda Thompson ("Defendants"). The case is before the Court on the Defendants' Motion to Dismiss (Doc. # 9), which has been fully briefed (Docs. # 9-1, 15, 16). After careful review of the arguments of counsel and the applicable law, the Court finds that Defendants' Motion to Dismiss is due to **GRANTED** in part and **DENIED** in part.

**I. JURISDICTION AND VENUE**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are not contested, and there are adequate allegations in support of both.

**II. STANDARD OF REVIEW**

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; thus, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). To state a claim that survives a Rule 12(b)(6) challenge, a complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 545.

### III.  FACTUAL BACKGROUND

Accepting as true the factual allegations in the Complaint, the Court finds the following facts:

On or about June 2, 2009, Plaintiff was working at Defendants' residence installing insulation in the attic. In order to be able to traverse the attic, Defendants had affixed a walk board that cut across the attic's rafters. As Plaintiff attempted to walk across the board in the performance of his work, the board – which was rotten – gave way, and Plaintiff fell through the ceiling and landed on Defendants' dining room table. As a result of the fall, Plaintiff suffered injuries – some permanent – to his leg, elbow, and head.

Plaintiff alleges that Defendants "negligently . . . fail[ed] to maintain [their] premises in a safe condition," were "gross[ly] negligent," and are "liable to Plaintiff under the doctrine of res ispa loquitur." (Compl. ¶ 7.)

### IV.  DISCUSSION

"The elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001).

"A landowner owes an invitee the legal duty 'to exercise reasonable care and diligence to keep the premises in a reasonably safe condition for the uses contemplated by the invitation, and to warn the invitee of known dangers, or dangers that ought to have been known, and of which the invitee [is] ignorant.'" *Shelton v. Boston Fin., Inc.*, 638 So. 2d 824, 825 (Ala. 1994) (quoting *Lamson & Sessions Bolt Co. v. McCarty*, 173 So. 388 (Ala. 1937)).

To be classified as an "invitee," the visitor's presence at the premises must provide a material benefit to the landowner. *See Hines v. Hardy*, 567 So. 2d 1283, 1283-84 (Ala. 1990) (holding that the plaintiff, a housekeeper for the landowner defendants, "was an invitee, as opposed to a licensee, on the [defendants'] premises, by virtue of her presence there to perform a helpful or necessary service for which she had contracted"). Based upon the allegations in the Complaint, Plaintiff was at the Defendants' residence performing services for which Defendants had contracted, and was an invitee. *Id.*; *see also Quillen v. Quillen*, 388 So. 2d 985, 988-89 (Ala. 1980) (holding that landowner's brother, who had been invited to home to help landowner erect a television antenna on the roof, had invitee status).

"The owner of a premises in such cases is not an insurer of the safety of his invitees, and the principle of res ipsa loquitur is not applicable." *Id.*; *see also Neeley v. Gateway, Inc.*, 977 So. 2d 511, 516 (Ala. Civ. App. 2007) ("[The] [Alabama] [S]upreme [C]ourt . . . has consistently held that res ipsa loquitur does not apply to premises-liability claims." (citing *Kmart Corp. v. Bassett*, 769 So. 2d 282, 286 n.4 (Ala. 2000))); *see also* 1 Michael L. Roberts & Gregory S. Cusimano, *Alabama Tort Law* § 44.04 (5th ed. 2010) (collecting cases).

"There is no presumption of negligence which arises from the mere fact of an injury to an invitee." *Id.* (citing *Delchamps, Inc. v. Stewart*, 255 So. 2d 586 (Ala. Civ. App. 1971)). Thus, Plaintiff's res ipsa loquitur theory of recovery fails as a matter of law.

On the other hand, the factual allegations of Plaintiff's premises liability negligence claim are sufficient to survive Defendants' motion to dismiss.[1] As stated above, the premises owner is under a general obligation to keep the premises in a "reasonably safe condition for the uses contemplated by the invitation[.]" *Shelton*, 638 So. 2d at 825. The Alabama Supreme Court has explained that "in cases where the alleged defect is part of the premises . . . , once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury . . . ." *Mims v. Jack's Rest.*, 565 So. 2d 609, 610 (Ala. 1990).[2] Plaintiff alleges that he was an invitee to Defendants' attic to install insulation and

---

[1] Plaintiff also appears to allege a cause of action for "gross negligence." (Compl. ¶ 7.) Gross negligence is "'merely a greater degree of negligence[,]'" *Coca-Cola Bottling Co. United, Inc. v. Stripling*, 622 So. 2d 882, 885 (quoting *Lynn Strickland Sales & Serv., Inc. v. Aero-Lane Fabricators, Inc.*, 510 So. 2d 142, 145 (Ala. 1987)), and cannot be construed as a claim of wantonness, which is a "qualitatively different tort concept of actionable culpability." *Cessna Aircraft Co. v. Trzcinski*, 682 So. 2d 17, 19 (Ala. 1996) (quoting *Lynn Strickland Sales & Serv., Inc.*, 510 So. 2d at 145); *see also Miller v. Bailey*, 60 So. 3d 857, 867 (Ala. 2010) ("Gross negligence is negligence, not wantonness." (internal quotations marks omitted)).

[2] Of course, at the summary judgment stage or later, Defendants could argue, evidence permitting, that the rottenness of the walk board constituted an "open and obvious" danger. *See Powell v. Piggly Wiggly Ala. Distrib. Co., Inc.*, 60 So. 3d 921, 926 (Ala. Civ. App. 2010) ("'A condition is 'open and obvious' when it is known to the plaintiff or should have been observed by the plaintiff in the exercise of reasonable care.'" (quoting *Quillen*, 388 So. 2d at 989)). Because "[t]he entire basis of the [premises owner's] liability rests upon [its] superior knowledge of the danger," if a defect in the premises is "open and obvious," then "that superior knowledge is lacking . . . [and] the [premises owner] cannot be held liable." *Quillen*, 388 So. 2d at 989; *see also* 2 *Ala. Pattern Jury Instr. Civ.* 31.01A (2d ed. 1993) ("An owner . . . of [a] premises is under no duty to reconstruct or alter the premises so as to eliminate dangers which were known or obvious to [the] plaintiff, or in the exercise of reasonable care, should have been known or obvious to [the] plaintiff.").

4

that he fell on a rotten walk board affixed to the rafters in the attic while performing that service. Although the Complaint does not contain "detailed factual allegations," it does include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 545. Defendants' motion on the premises liability negligence claim is due to be denied.

## V.  CONCLUSION

Based on the foregoing, it is ORDERED that Defendants' Motion to Dismiss (Doc. # 9) is GRANTED as it relates to Plaintiff's res ipsa loquitur theory of recovery and DENIED as it relates to Plaintiff's premises liability negligence claim.

DONE this 3rd day of February, 2012.

                                /s/ Mark E. Fuller
                            UNITED STATES DISTRICT JUDGE